UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SUZANN MOORE AND MICHELLE )
SOTO FIELDER, INDIVIDUALLY )
AND ON BEHALF OF A CLASS OF )
ALL PERSONS SIMILARLY SITUATED,)
Plaintiff, )
)
v. ) CASE NO. 1:16-cv-538
)
SAMSUNG ELECTRONICS AMERICA, )
INC. )
Defendant. )

**PLAINTIFFS SUZANN MOORE AND MICHELLE SOTO FIELDER'S CLASS ACTION COMPLAINT AND A DEMAND FOR JURY TRIAL**

Plaintiffs, Suzann Moore and Michelle Soto Fielder, by counsel, respectfully submits her Class Action Complaint and Demand for Jury Trial, and in support thereof, states as follows:

## INTRODUCTION

1. Plaintiffs brings this Class Action Complaint Individually and on behalf of the Class defined herein against Samsung Electronics of America, Inc. ("Samsung") seeking an award of damages as well as injunctive relief.

2. Plaintiff Suzann Moore is a resident of Fishers, Indiana.

3. Plaintiff Michelle Soto Fielder is a resident of McAllen, Texas.

4. Defendant Samsung designs, manufactures, markets, advertises, sells, warrants and services multiple top-loading washing machines ("Washing Machine") which are defective, unmerchantable, and unfit for their intended use.

5. Specifically, the Samsung Washing Machines described herein are prone to catastrophic failure in that the Washing Machines explode unexpectedly while being operated as intended and instructed by Samsung, rendering the Washing Machines unmerchantable and unfit for their intended use.

6. When the Washing Machines explode, they do so with such force that they are irreparably damaged. Indeed, the force of the explosion is capable of inflicting serious harm upon both person and property rendering it not only unfit, but unsafe for use by its purchasers.

7. Upon information and belief, the Washing Machines range in price from $549.00 to $1,499.00 and come with an express, one-year manufacturer's warranty.

8. In addition to the one year express warranty associated with the Washing Machines, Federal law mandates that any manufacturer or seller that makes a product available to customers, whether directly or indirectly, cannot disclaim implied warranties of merchantability and fitness for a particular purpose where that manufacturer has made an express warranty. Accordingly, such warranties attached to all sales of the Washing Machines to Plaintiffs and the Class Members as well.

9. This Court should award Plaintiffs and the class they represent damages compensating them for the losses, as described herein, attributable to Samsung's manufacturer of defective, unmerchantable, and unreasonably dangerous Washing Machines.

10. The Court should further enjoin Samsung from any further sales of the subject Washing Machines.

## THE PARTIES

### I. Plaintiff Suzann Moore

11. Plaintiff Suzann Moore purchased a Samsung Washing Machine (Model number WA50F9A8DSW/A2; Serial number Y78JSAUDA00995D) in January of 2014 from Sears in Fishers, Indiana.

12. As an authorized retailer of the Samsung Washing Machines, Sears acted as Samsung's agent in selling Suzann her Washing Machine.

13. Suzann purchased the Washing Machine new, and it was in pristine condition and without any perceivable damage or defect.

14. Suzann used the above referenced Washing Machine solely for its intended purpose as a personal home appliance.

15. For almost two years, Suzann's Washing Machine operated without any problems or malfunctions, and never required any repairs.

16. On the morning of December 23, 2015, Suzann placed a load of laundry in the Washing Machine and started it. Shortly thereafter, the Washing Machine violently exploded damaging Suzann's real and personal property, including a Samsung manufactured dryer which had been located next to the Washing Machine. The following photographs depict Suzann's Washing Machine following its explosion:





17. On December 28, 2015, Suzann contacted both Samsung and Sears to report what had happened to her Washing Machine.

18. In response to Suzann's reporting of the incident described above, Samsung informed her that, because her Washing Machine was beyond its one year manufacturer's warranty period, she was required to direct any and all complaints to Sears.

19. Sears dispatched a representative to Suzann's home on December 30, 2015 to investigate and inspect the Washing Machine. Following that inspection, Suzann was informed that the washer had "exploded" causing damage to the machine to such an extent that it was uneconomical to perform repairs thereon.

20. Suzann later learned that hers was not the only Washing Machine to have "exploded" in this manner.

21. After Suzann had been without a washer for a month and spent countless hours on the phone, Samsung finally agreed to reimburse her for the defective Washing Machine, notwithstanding that it malfunctioned outside of its one year warranty.

22. However, Samsung did not reimburse Suzann for the property damage she incurred as a result of her Washing Machine's catastrophic failure.

23. In order to receive her refund, Suzann was required to allow the Washing Machine to be removed from her possession.

24. Upon information and belief Samsung or its agent(s) removed the Washing Machine from Suzann's home.

25. Samsung and/or its agent(s) took possession of the Washing Machine with knowledge that it had exploded while being operated consistent with its intended purpose.

26. Notwithstanding the knowledge that the Washing Machine had exploded while operated for its intended purpose, and that it was, therefore, defective, Samsung and/or its agent(s) destroyed what remained of Suzann's Washing Machine without performing any investigation or inspection into what caused it to explode.

**III. Plaintiff Michelle Soto Fielder**

27. Plaintiff Michelle Soto Fielder ("Michelle") purchased a Samsung Washing Machine (Model Number: WA5471ABP/XAA; Serial Number: Y0IK54BB901654X) in June of 2012 from Lowes in McAllen, Texas.

28. As an authorized retailer of the Samsung Washing Machines, Lowes acted as Samsung's agent in selling Michelle her Washing Machine.

29. In addition to any manufacturer's warranty which attached to her purchase of the Washing Machine, Michelle also purchased an extended warranty.

30. Michelle purchased the Washing Machine new, and it was in pristine condition without perceivable damage or defect.

31. Michelle used the above-referenced Washing Machine solely for its intended purpose as a personal home appliance.

32. Although Michelle's Washing Machine had required some maintenance work in the past, it had never come apart violently and/or exploded prior to February 9, 2016.

33. On February 9, 2016, Michelle placed a small load of laundry in the Washing Machine and started it. Shortly thereafter, the Washing Machine violently exploded damaging Michelle's real and personal property. The amount of force as well as the sound produced by the explosion initially led Michelle to believe that something had crashed into her home and come through the roof.

34. Michelle's Washing Machine exploded with such ferocity that it penetrated the interior wall of her garage, where it was located. The dent left at the Washing Machine's point of impact was so deep that it pushed through into Michelle's living room, which shares a wall with her garage. The following photographs depict Michelle's Washing Machine following the explosion.







35. After her Washing Machine exploded, Michelle contacted Lowes as well as her warranty provider to report the explosion event.

36. Michelle also attempted to contact Samsung subsequent to the explosion of her Washing Machine, but was never successful in speaking with a live representative of Samsung.

## II. Defendant Samsung

37. Defendant Samsung is a New York corporation with its principal place of business in Ridgefield Park, New Jersey.

38. Samsung is a global leader in the manufacture of consumer products including *inter alia* home appliances.

39. Samsung manufacturers and sells thousands of the Washing Machines described herein annually, a significant portion of which are sold or offered for sale in the United States, including, but not limited to the State of Indiana.

## JURISDICTION AND VENUE

40. Venue is appropriate in the United States District Court for the Southern District of Indiana, Indianapolis Division, because Samsung inhabits, transacts business, resides, is found, or has an agent in this District. 28 U.S.C. §1391 (b) and (c).

41. The United States District Court for the Southern District of Indiana has personal jurisdiction over Samsung because Samsung and its agents regularly transact business in this state, derive substantial revenue or benefit from said business, and have engaged in conduct causing property damage within the state. Ind. Trial Rule 4.4(A)(1) and (3).

42. The United States District Court for the Southern District of Indiana has diversity jurisdiction over this class action pursuant to 28 U.S.C.A. § 1332. Samsung is a corporate citizen and resident of the State of New Jersey. Suzann is a citizen and resident of the State of Indiana and Michelle is a citizen and resident of Texas. Pursuant to Federal law, there need only be minimal diversity between plaintiffs and defendants, meaning that only a single member of the Plaintiff class need be diverse from a single Defendant. 28 U.S.C.A. § 1332(d)(2)(A).

43. On information and belief the aggregate damages of the Plaintiff class, exclusive of interest and cost, exceeds Five Million Dollars ($5,000,000.00). 28 U.S.C.A. § 1332(d)(6).

## FACTUAL BACKGROUND

44. Samsung markets itself to the public as "a recognized innovation leader in consumer electronics design and technology," providing a broad range of home appliance products.

45. Samsung is in the business of manufacturing, producing, distributing, and selling Washing Machines to customers throughout the United States, both directly and through its network of authorized dealers.

46. In selling the Washing Machines to Plaintiffs and other Class Members, Samsung provided an express one year factory warranty against manufacturing defects and materials and workmanship.

47. In addition to the express warranty described above, Samsung marketed, advertised, and warranted that the Washing Machines were of merchantable quality and fit for their intended purpose. It further marketed, advertised and warranted that the Washing Machines were free from defects and did not pose an unreasonable risk to persons or property.

48. Samsung sold the Washing Machines to Plaintiffs and the proposed Class members and made the warranties and express representations described above with knowledge that the Washing Machines were defective in that they were prone to

explosion. This defect was not disclosed to Plaintiffs, or other members of the proposed Class when they purchased their respective Washing Machine.

49. Samsung had a duty to disclose the above described defect to Plaintiffs and proposed Class Members, but failed to do so.

50. Plaintiffs and the other Class Members purchased their Washing Machines solely for their personal, residential purposes and only used the Washing Machines as intended and in accordance with the operating instructions provided by Samsung.

51. The Washing Machines sold to Plaintiffs and the proposed Class Members are defective in that they are prone to explosion even when operated and maintained in the manner instructed by Samsung.

52. Samsung either knew or should have known that the Washing Machines it marketed and sold were prone to explosion, that such exposed both person and property to an unreasonable risk of harm, and, therefore, that the Washing Machines were inherently defective, unmerchantable and unfit for their intended use.

53. In light of this defect, Plaintiffs and other Class Members paid far more than the reasonable value of the Washing Machines, and would not have paid such had the defect described above been disclosed by Samsung.

54. Samsung has profited, and continues to profit from the sale of defective Washing Machines by failing to disclose the above described defect and continuing to sell the Washing Machines at price well above their reasonable value.

55. As a direct and proximate result of Samsung's false warranties, misrepresentations, and failure to disclose the inherent defect of these Washing Machines, Plaintiffs and the proposed Class have purchased the Washing Machines and have suffered injury as a result.

56. Upon information and belief, Samsung, both directly and indirectly, has sold defective Washing Machines to thousands of purchasers across the nation without disclosing to those purchasers that the Washing Machines carry a significant risk of explosion.

57. Samsung continues to market and sell the Washing Machines in question without disclosing the inherent defect described above despite receiving numerous consumer complaints. Below are some examples of complaints made by purchasers of the Washing Machines on SaferProducts.gov, a website sponsored by the Consumer Product Safety Commission:

- I am a safety health and environmental professional who has responded to a variety of industrial accidents/investigations. Recently I received an industrial level accident with my very new top load Washing Machine. It's a Samsung and the largest one on the market. It destroyed itself so violently that all technicians, safety professionals, engineers, and layman are completely impressed with the level of carnage. Apparently it was doing a partial load and spinning at high speeds when it broke free, throwing itself against walls and throwing parts and water everywhere. Had someone been nearby they could have been severely injured. (Report date: July 16, 2015; Model No.: WA56H9000AP/A2; Photograph Below)



- We have a one year old Samsung top loading washing with a 5.0 cubic foot capacity. We began a load of laundry before going to bed. As the Washing Machine entered the spin cycle, the entire machine exploded and burst into pieces. The entire top of the unit separated and flew into our hallway, and the unit continued to spin violently around the laundry room, ripping holes in our walls, dryer, cabinets, flooring, etc…. If we had been in the room or even in our hallway at the time of the explosion, it is very likely that we would have been seriously injured or killed. (Report date: August 27, 2015.)

- On Monday, October 5th[, 2015] at approximately 8:15 p.m., I heard a violent sounding commotion coming from our laundry room. I yelled for my husband and ran to the room to find my brand new, two month old Samsung Active Wash Washing Machine lying on its side, the lid completely blown off, the sides of the machine expanded outward, the internal drums now thrown behind the machine on the floor, the machine itself thrown across the room, and shards of metal and plastic lying everywhere, in addition to my floor being covered in water… the garage door across from the washer is metal and has multiple dents in it from the force of the metal and plastic shards exploding outward. (Report date: October 11, 2015; Model No.: WA52J8700AP/A2; Photograph Below)



- …We heard a loud crash and the entire house shook violently. We rushed into the laundry room to find:

    - the washer had jumped out from the wall several feet.
    - the washer had spun 120 degree [sic] to the right the force of it exploding had caused it to unplug itself.
    - the top of the washer had become completely dislodged from the base.
    - the base metal sides were bent and distorted.
    - the tub inside the machine had been dislodged, and is shattered.
    - metal rods holding the tub in place had either broken or bent.
    - electrical wires were hanging out from the back of the unity [sic], most of them severed.
    - metal and plastic parts were strewn about the room.

  Outside of the machine damage, the washer left a deep gouge in our dryer, scratched the tile flooring, and also slammed into our laundry sink, dislodging it from the wall, making a hole in the drywall… (Report date November 16, 2015; Model No.: WA50F9A7DSW/A2; Photographs Below)





- … The entire top of the unit separated and flew across the room exploding that [sic] glass across the laundry room and into our hallway, and the explosion put holes in the wall, damaged shelves, etc. If my wife or son were in the room when this happened, I have no doubt that they would be in the hospital or possibly even killed. (Report date: November 18, 2015; Model No.: WA50F9A6DSW/A2; Photographs Below)





- We had a Samsung top load washing machine explode on 5/31/2015… [I]t was in the middle of a cycle and we heard a loud bang. We came downstairs in our unfinished basement to find water everywhere and the washer looked as if it had actually exploded. It was on its side with the top off and the sides all dented and some small parts laying around. The hoses and cords were still connected lucky [*sic*], otherwise we might have had water damage and luckily we were home. (Report Date: November 23, 2015; Model No.: WA50F9A8DSP/A2; Photographs Below)





58. The complaints made to SaferProduct.gov, as detailed in the preceding paragraph, are consistent with complaints and descriptions of the explosion events referenced at various locations on the internet. Below are some examples of such complaints:

- I heard a loud commotion and it kind of sounded like one of the shelves were falling down…[The washer] was across the room on its side and there was water out on the floor… This part was on the floor, completely detached from it all, [and] pieces…were sprung out on top of it on the side… It crumbled like paper… There are dents in my garage doors…you can see where the pieces flew off and hit here and there are holes in the wall. Where it hit the dryer, it cracked a hole in that. My daughter feeds [our dogs] twice a day in here so that was kind of my big, [sic] any one of use could've been in here and it could've taken us out. (Sarah of North Carolina, October 29, 2015; story *available at* http://abc11.com/news/consumers-claim-some-samsung-washing-machines-explode/1056429/.)

- Boom!... A giant explosion, I had no idea what happened. The back [of the washer] was facing you, it was tilted on the corner being held up by the water lines… The whole top had already got [*sic*] thrown off form [*sic*] there and it was dangling from the back of it and the glass, [*sic*] I guess when it twisted, the glass shot off and it exploded out of the way. I have a 7-month-old-son, if he were crawling down there when it happened, he would've been cut up. (Jim of North Carolina, November 20, 2015; story *available at* http://abc7ny.com/home/more-consumers-claim-samsung-washing-machines-explode/1093075/.)

- …And we just heard this boom. It sounded like a cannon went off, louder than a gun shot[*sic*]… I would have never in my life expected a washing machine to explode… I have the child safety locks on all of my doors, and I'm diligent about checking car seats, kids toys, everything. This is not something I would have thought about looking into… [T]he hoses were the only thing holding [the washing machine] together and the water hoses were spraying everywhere… [The washer] was totally sideways in the washing room. (Becky from Florida, January 11, 2016; story *available at* http://www.news4jax.com/consumer/news4jax-investigates-exploding-washing-machine.)

## CLASS ALLEGATIONS

59. Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs Suzann Moore and Michelle Soto Fielder bring this action on behalf of herself and all other persons similarly situated. The class Suzann represents is defined as:

> Any resident of the United States or its territories who (1) purchased and/or (2) was a reasonably expected user whose property was injured by any model of Samsung top-loading Washing Machine while such Washing Machine was operated within the scope of its intended use as a home appliance through the date of judgment herein (the "Class"). The models of Samsung top-loading Washing Machine include, but are not necessarily limited to, the following:
>
> (a) WA5471ABP/XAA
>
> (b) WA45H7000AW/A2
>
> (c) WA50F9A6DSW/A2
>
> (d) WA50F9A7DSW/A2
>
> (e) WA50F9A8DSW/A2
>
> (f) WA50F9A8DSP/A2
>
> (g) WA52J8700AP/A2
>
> (h) WA56H9000AP/A2

Excluded from the Class are:

> (a) Samsung and any of its subsidiaries, affiliates, predecessors, and entities with which it may have merged;
>
> (b) all persons who make a timely election to be excluded from the Class;
>
> (c) governmental entities;
>
> (d) the judge to whom this case is assigned, and his/her immediate family;

(e) any consulting or testifying expert retained by either party to this litigation and his/her immediate family; and

(f) any claims arising from personal injury or death occasioned by the defective Washing Machines.

60. Upon information and belief, the proposed Class includes thousands of individuals, and, thus, is so numerous that joinder of all members would be impracticable. The exact size of the Plaintiff Class, as well as the identity of its members, are ascertainable from the business records maintained by Samsung.

61. Questions of law and fact common to the Plaintiff Class predominate over questions effecting only individual members. The common questions of law and fact include, but are not limited to, the following:

(a) whether the Samsung Washing Machines were defectively designed;

(b) whether the Samsung Washing Machines contained a manufacturing defect;

(c) whether the Washing Machines were merchantable;

(d) whether the Washing Machines were fit for their intended use;

(e) whether the Washing Machines posed an unreasonable risk to both person and property;

(f) whether Samsung knew or should have known of the inherent defect in Washing Machines it manufactured and sold;

(g) whether Samsung was unjustly enriched by the sale of defective Washing Machines to the Plaintiff class;

(h) whether Samsung's false warranties, misrepresentations, and material omissions concerning its defective Washing Machines caused Class Members' injuries; and

(i) whether Samsung should be enjoined from further sales of the Washing Machines.

62. The claims asserted by Suzann and Michelle in this action are typical of claims of the Class Members as described above. Further, the claims arise from the same course of conduct by Samsung and the nature of the relief sought is common to the class.

63. Suzann and Michelle will fairly and adequately represent and protect the interest of the Class Members. Suzann has retained counsel competent and experienced in both consumer protection and class action litigation.

64. The class action is superior to other methods for the fair and efficient adjudication of this controversy, as joinder of all members is impracticable. Furthermore, because the economic damages suffered by any individual class member may be relatively modest compared to the expense and burden of individual litigation, it would be impracticable for Class Members to seek redress individually for the wrongful conduct committed by Samsung as alleged herein.

65. There will be no undue difficulty in the management of this litigation as a class action.

## COUNT I
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

66. Plaintiffs hereby incorporate by reference all previous rhetorical paragraphs in this Complaint.

67. Samsung is among the nation's leading manufacturers of consumer home appliances, including top loading Washing Machines which it makes available to consumers, both directly and indirectly, across the Country.

68. Samsung provided an express, written, one year manufacturer's warranty with the sale of its top loading Washing Machines. Plaintiffs Suzann Moore and Michelle Soto Fielder, as well as the Class Members, received this express written warranty when purchasing the defective Samsung Washing Machines.

69. The Samsung top loading Washing Machines purchased by Suzann, Michelle, and the Class Members were defectively designed and imposed an unreasonable risk to person and property in that they were prone to explosion. There is no reasonable or acceptable rate for washing machines to explode.

70. Federal law affords a right of action to any consumer damaged by the failure of a supplier, warrantor, or service contractor to comply with any requirement of the act, written warranty, implied warranty or service contract. 15 U.S.C.A. § 2310(d)(1).

71. The defectively designed Washing Machines purchased by Suzann, Michelle, and all other Class Members are unfit for their intended and ordinary

purposes because they are prone to explode when operated as instructed and intended by Samsung.

72. As a direct and proximate result of Samsung's breach of the implied warranty of merchantability, Suzann, Michelle, and all the Class Members have suffered loss.

## COUNT II
## UNJUST ENRICHMENT

73. Plaintiffs hereby incorporate by reference all previous rhetorical paragraphs in this Complaint.

74. This cause of action (Count II) is pled in the alternative to all contract based theories of recovery.

75. Samsung received proceeds from the sale of defective top loading Washing Machines purchased by Suzann, Michelle, and the Class Members for an amount far greater than the reasonable value of the defective machines.

76. In exchange for the purchase price paid by Suzann, Michelle, and the Class Members, Samsung provided defectively top loading Washing Machines that are prone to explosion. There is no reasonable or acceptable rate for washing machines to explode. This defect renders the Washing Machines unfit, and indeed, unsafe for their intended use.

77. Suzann, Michelle, and the proposed Class Members did not know of the defective condition of their Washing Machines at the time of purchase.

78. Under the circumstances, permitting Samsung to retain the proceeds and profits from the sales of the defective Washing Machines described herein would be unjust.

**COUNT III**
**FRAUDULENT/DECEPTIVE CONSUMER SALES PRACTICES**

79. Plaintiffs hereby incorporate by reference all previous rhetorical paragraphs of this Complaint.

80. Samsung represents itself as a manufacturer of innovative and high quality home appliances, including top loading Washing Machines. It represents to consumers that it is in the business of "creating superior products and services that contribute to a better global society." Additionally, the fact that Samsung maintains such a large presence in the residential appliance industry, not only in the United States, but globally, leads consumers to believe in and rely upon the high quality of Samsung products.

81. Based upon their belief that Samsung manufactured high quality home appliances, and specifically, top loading Washing Machines, Suzann, Michelle, and the Class Members purchased the Samsung top loading Washing Machines because they believed them to be high quality products.

82. The Samsung top loading Washing Machines at issue are of unsatisfactory quality, and have caused Plaintiffs and the Class Members to pay

a purchase price for said machines well beyond their reasonable value, and, otherwise, to incur loss as a result of their purchase.

83. Samsung not only misrepresented that the Washing Machines were of high quality, it also failed to disclose that the Washing Machines are inherently defective in that they are prone to explosion even when used as intended and instructed by Samsung, and pose an unreasonable risk to both person and property.

84. Samsung knew or should have known that the defective Washing Machines were prone to explosion, and there is no reasonable or acceptable rate for home washing machines to explode when operated as intended and instructed by the manufacturer.

85. Notwithstanding this knowledge, Samsung consciously chose to conceal the defect in its top loading Washing Machines from Plaintiffs and the Class Members in order to continue selling said Washing Machines and benefit from the proceeds received therefrom.

86. Plaintiffs and the Class Members would not have purchased a Samsung top loading Washing Machine had they known that the Washing Machines were prone to explode when used as intended and instructed by Samsung.

87. As a result of Samsung's fraudulent and deceptive conduct in representing the Washing Machines as high quality, merchantable home appliances fit for their intended use, Plaintiffs and the Class Members have suffered loss.

88. By engaging in the above described conduct, Samsung has violated the Indiana Deceptive Consumer Sales Act (Ind. Code § 24-5-0.5-1 *et seq*) and similar statutes of other States across the nation.

**COUNT IV**
**PRODUCT LIABILITY**

89. Plaintiffs hereby incorporate by reference all previous rhetorical paragraphs of this Complaint.

90. As a recognized manufacturer of home appliances and, specifically, the Washing Machines in question, Samsung owes a duty to consumers and any reasonably expected users of the Washing Machines to produce a product that conforms to the consumers' and expected users' reasonable expectations, and does not pose an unreasonably danger.

91. The Washing Machines Samsung manufactures were provided to Suzann, Michelle and the Class Members in a condition not contemplated by consumers or those reasonably expected by Samsung to use the product, and are unreasonably dangerous even when used as intended and instructed by Samsung.

92. Because the condition of the Washing Machines was not one contemplated by consumers or expected users, and because the Washing Machines are unreasonably dangerous, the Washing Machines are defective.

93. Samsung is liable for damages to all purchasers and reasonably foreseeable users of the defective Washing Machines occasioned thereby pursuant to the product liability laws of the various states.

## COUNT V
## INJUNCTIVE RELIEF

94. Plaintiffs hereby incorporate by reference all previous rhetorical paragraphs of this Complaint.

95. In manufacturing, marketing, and selling the defective Washing Machines described herein, Samsung has exposed Suzann, Michelle, and other purchasers, both past and prospective, to an unreasonable risk of harm.

96. Moreover, Samsung has received an unjust benefit for its unreasonable conduct in introducing such a dangerous and defective instrumentality into the stream of commerce, and continues to do so.

97. Based on the above, justice requires that Samsung be permanently enjoined from the manufacture and sale of the defective Washing Machines.

98. The public interest will not be disserved by the issuance of a permanent injunction against Samsung, preventing its sale of defective Washing Machines.

WHEREFORE, Plaintiffs Suzann Moore and Michelle Soto Fielder individually and on behalf of the above defined class, by and through counsel, prays the Court grant the following relief:

A. An order certifying the class defined herein pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. An order designating Plaintiffs Suzann Moore and Michelle Soto Fielder as the class representatives for the class certified pursuant to Rule 23 and designate their counsel as lead counsel for the class;

C. An order awarding Plaintiffs Suzann Moore and Michelle Soto Fielder and Class Members damages in an amount to be determined at trial for the wrongful acts of Samsung described herein;

D. An order enjoining Samsung, its agents, successors, employees, and other representatives from engaging in or continuing to engage in the manufacture, marketing, and sale of defective Washing Machines;

E. An order awarding attorney's fees pursuant to applicable Federal and State law; and,

F. Any and all other appropriate relief in the premises.

Respectfully submitted,

s/ Scott L. Starr
Scott L. Starr
Attorney Number: 1601-09
Email: starr@starrausten.com

Andrew B. Miller
Attorney Number: 18795-45
Email: miller@starrausten.com

Mark S. Fryman
Attorney Number: 214188-49
Email: fryman@starrausten.com

Jacob M. O'Brien
Attorney Number: 31445-09
Email: obrien@starrausten.com
Starr Austen & Miller, LLP
201 S. Third Street
Logansport, IN 46947
Phone: 574-722-6676

s/ Carl Joseph Brizzi III
Carl Joseph Brizzi III
Attorney Number: 17644-49
Carl Brizzi & Associates, LLC
11650 Olio Road, Suite 1000-226
Fishers, IN 46037
Phone: 317-634-4994
Email: carlbrizzi@yahoo.com

s/ Anthony W. Patterson
Anthony "Tony" W. Patterson
Attorney Number: 17497-53
Parr Richey Obremskey Frandsen
& Patterson, LLP
225 W. Main St.
Lebanon, IN 46052
Phone: 765-482-0110
Fax: 765-483-3444
Email: tpatterson@parrlaw.com

ATTORNEYS FOR PLAINTIFF CLASS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SUZANN MOORE, INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL PERSONS SIMILARLY SITUATED, Plaintiff, | ) |
| v. | ) CASE NO. |
| SAMSUNG ELECTRONICS AMERICA, INC. Defendant. | ) |

**JURY DEMAND**

Plaintiffs, by counsel, hereby demand a trial by jury on all counts so triable.